O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**         IN CHAMBERS (No Proceedings Held)

## I.    INTRODUCTION

On March 4, 2008, Plaintiff Celedonia X. Yue, M.D. filed this putative class action alleging that Defendant Conseco Life Insurance Company ("Conseco") has wrongfully decided to increase the cost of insurance charges for its "Valulife" and "Valuterm" life insurance policies (collectively "Policies"). The Complaint alleges breach of contract and violations of California Business and Professions Code §17200, *et seq.*, and seeks injunctive, declaratory, and monetary relief. On June 25, 2008, Defendant filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted), which the Court took under submission on October 1, 2008. The Court now DENIES the motion to dismiss, and holds that the controversy alleged in the Complaint is ripe for judicial review.

## II.   FACTUAL BACKGROUND ALLEGED IN COMPLAINT

In 1995, Plaintiff Yue purchased a "Valulife" universal life insurance policy issued by Defendant,[1] with a face amount of $400,000. Compl. ¶ 7. The insured is Plaintiff's mother, Ruth S. Yue, and Plaintiff Yue is the beneficiary. *Id.* at Ex. A, pp. A-28, A-44.

---

[1] The policy was actually issued by Massachusetts General Life Insurance Company, which became Conseco Life in 1996. Compl. ¶ 8. Philadelphia Life Insurance Company also issued policies at issue in this action, and in or about 1998 it merged into Conseco. *Id.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

At the time of purchase, Ruth S. Yue was 70 years old. *Id.* at A-28.

The Complaint alleges that Plaintiff's life insurance policy and the policies of the putative class are "universal life" policies. *Id.* Owners of universal life policies pay premiums into an account that earns interest. The account represents (1) the total premiums the policyholder has paid, plus any credited interest, minus (2) expense charges and a monthly "cost of insurance" charge. A universal life insurance policy will remain in force as long as there are enough funds in the account to pay the expense charges and the monthly cost of insurance charge. Compl. ¶ 29.

The cost of insurance charge covers the cost of paying out death benefits, and it is designed to increase as the insured ages. Compl. ¶¶ 23-26, 31. It is calculated based on a formula that takes into consideration the amount of funds in the account and a factor called the "cost of insurance rate." Compl. ¶¶ 30-31. Under the terms of the universal life policies at issue in this action, the cost of insurance rate is dependent solely on the insurer's expectation as to its future mortality experience. Compl. ¶¶ 32-34. In other words, "once the actual cost of insurance rates are set by the insurance company, they can only be increased because of anticipated future worsening mortality experience of insurance company [sic] (*i.e.*, more death claims anticipated in the future than were previously expected)."[2] Compl. ¶ 35. Conseco does not disclose its actual cost of insurance rates. It discloses only the monthly cost of insurance charge deducted from the insured's account. Compl. ¶ 36.

Plaintiff alleges that Conseco has decided to raise the cost of insurance charges beginning in the twenty-first year of the Valulife and Valuterm policies (specifically, in the year 2016 for Plaintiff's policy). Compl. ¶ 54. Plaintiff further alleges that there is no way that the substantial increase could be due to the insurer's anticipated mortality experience because "it is well known that the population in this country is living significantly longer than was anticipated in the past . . . ." *Id.*

---

[2] Plaintiff's policy states, "ACTUAL MONTHLY COST OF INSURANCE RATES WILL BE DETERMINED BY THE COMPANY BASED ON ITS EXPECTATIONS AS TO FUTURE MORTALITY EXPERIENCE," and "Current monthly cost of insurance rates will be determined by the Company based on its expectation as to future mortality experience." Compl. Ex. A at A-29, A-34.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

Plaintiff alleges that when policyholders were procuring coverage Conseco did not disclose its intent to impose massive cost of insurance increases beginning in policy year 21, and policyholders thus "relied on the lower cost of insurance rates in purchasing the Policies, continuing to pay premiums respecting the Policies, and not seeking insurance coverage elsewhere." Compl. ¶ 56. Plaintiff also alleges that the increases

> are so dramatic, sudden, and unexpectedly large that many members of the Class are now, or will be, unable to afford to pay these huge and unexpected increases in premium [sic] required to keep their insurance policies in force. Many policyholders will, or have been, forced to surrender their life insurance policies. In addition, upon information and belief, many of these policyholders are elderly and uninsurable and, after surrender of their policies, they will thereby be left without insurance protection and/or adequate insurance protection.

Compl. ¶ 57.

Plaintiff's Complaint alleges that the increase is consistent with a history of wrongful increases by Defendant, beginning in 1992 with "an artificial increase in the cost of insurance rate unrelated to [Conseco's] expectations as to future mortality increase," and continuing in 2003 or 2004 with Conseco's allegedly unlawful increase in the cost of insurance charge for certain policies.[3] Compl. ¶¶ 39, 50.

Plaintiff purports to bring this action on behalf of herself and a putative class of "[a]ll owners of ValuLife and ValuTerm 'universal life' insurance policies . . . issued by Massachusetts General or Philadelphia Life and that were later acquired by Conseco Life," with exceptions for officers and actuaries (and their families) of these companies. Compl. ¶ 12. As noted above, she asserts claims for breach of contract and violations of California Business and Professions Code § 17200, *et seq.*, and seeks injunctive,

---

[3] The Complaint states that the former allegations were adjudicated in the plaintiffs' favor in *Rosenbaum, et al. v. Philadelphia Life Insurance Co., et al.,* Case No. 93-0834 MRP (Eex). The latter allegations were brought before this Court in a Multidistrict Litigation proceeding and the parties eventually settled the claims. *See In re Conseco Life Insurance Company Cost of Insurance Litigation*, MDL No. 1610 AHM.

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

monetary, and declaratory relief.

## III.   LEGAL STANDARDS

### A.   Motion to Dismiss under F.R.C.P. 12(b)(1)

A party may challenge a Complaint's assertion of federal subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proving that a claim is within the jurisdiction of the federal courts rests on the party asserting federal jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

A Rule 12(b)(1) attack on jurisdiction may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* When a Rule 12(b)(1) attack is facial, as it is here, the allegations in the complaint are taken as true and all reasonable inferences are drawn in favor of the pleader. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Saridakis v. United Airlines*, 166 F.3d 1272, 1276 (9th Cir. 1999).

### B.   Motion to Dismiss under F.R.C.P. 12(b)(6)

On a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Exam'rs*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

> only a short and plain statement of the claim showing that the

Case 2:08-cv-01506-AHM-SH   Document 51   Filed 12/08/08   Page 5 of 13   Page ID #:378

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

> pleader is entitled to relief," in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of L.A*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

## IV. DISCUSSION

Defendant's motion to dismiss argues that Plaintiff's breach of contract claim is not ripe, that Plaintiff has no standing to assert a claim pursuant to California's Unfair Competition Law, and that Plaintiff has not presented a case or controversy warranting declaratory relief.

### A. Ripeness of the Breach of Contract Claim

Plaintiff's breach of contract claim is that

> Defendant materially breached the terms and provisions of the Policies by increasing the cost of insurance charges respecting the Policies in order to increase premium revenue when the increase in cost did not relate to any change in the expectation as to the future mortality experience of Defendant . . . . Defendant did not give adequate notice or explanation of this increase to Plaintiff and members of the Class and Defendant attempted to conceal the intended dramatic increase in cost of insurance charges respecting the Policies. . . . By so suddenly and dramatically increasing the cost of insurance charges beginning in policy year 21, Defendant has effectively conceded that the increase is not and could not possibly be based on its expectations as to future mortality experience. By increasing the cost, and thereby requiring substantial additional premiums from Plaintiff and members of the Class, Defendant has materially breached the Policies.

Compl. ¶¶ 64-65. Plaintiff also alleges that "[a]s a direct and proximate result of" the breach "Plaintiff and members of the Class have suffered damages under the Policies in an amount to be determined . . . at the time of trial." *Id.* ¶ 67. In addition, Plaintiff and the putative class "seek an injunction against Defendant requiring it in the future to charge only the cost of insurance explicitly permitted under the terms of the Policies and to otherwise comply strictly with the terms of the Policies." *Id.*

Defendant levels a scattershot attack on this breach of contract claim. First, it contends that the claim is not ripe because the cost of insurance increase is speculative and may never occur. Second, it argues that the claim is invalid because Plaintiff has suffered no damages. Third, it argues that the claim is not ripe because performance of

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

the policy's relevant terms is not yet due. Finally, it contends that Plaintiff cannot, as an alternative to the breach of contract claim, assert a claim for anticipatory breach of contract because Plaintiff has not terminated the insurance policy and she has not alleged that Conseco's repudiation of the contract was made in clear and certain terms. The Court is not persuaded by any of these arguments.

      1.     <u>The alleged increases are not speculative</u>

The question of ripeness goes to the Court's subject matter jurisdiction. *Haw. Newspaper Agency v. Bronster*, 103 F.3d 742, 746 (9th Cir. 1996). Ripeness has both a constitutional and a prudential component. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). With respect to Plaintiff's breach of contract claim, Defendant challenges the prudential component. "In evaluating the prudential aspects of ripeness, our analysis is guided by two overarching considerations: 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* at 1141 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). An issue is not fit for adjudication if it involves "contingent future events that may not occur as anticipated or indeed not occur at all." *18 Unnamed John Smith Prisoners*, 871 F.2d 881, 883 (9th Cir. 1989) (quoting *Thomas v. Union Carbide Agric. Prods.*, 473 U.S. 568, 580-81 (1985)); *see also* 15 James Wm. Moore, *Moore's Federal Practice* § 101.76[1][a] (3d ed. 2008) ("The critical question concerning fitness for review is whether the claim involves uncertain and contingent events . . . ."). "In the absence of an immediate and certain injury to a party, a dispute has not 'matured sufficiently to warrant judicial intervention.'" *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 n.10 (1975)).

Defendant argues that Plaintiff's claims hang on future events that may never occur: "Plaintiff's [cost of insurance] rates under the Policy *may* increase in 2016. But they may not. Only then, *if* the [cost of insurance] rates increase, will it be possible to fully explore the reasons and effect of such increases." Mot. at 3. Defendant continues, "At present, there may (or may not) be an intent to raise rates in 2016, but Conseco may decide not to; it may decide to raise them even further, if mortality continues to deteriorate . . . ." *Id.* at 3-4. Furthermore, Defendant says, "Plaintiff may, or may not, own the Policy in 2016; it is also possible that all benefits under the Policy may be paid before 2016, should Plaintiff's mother no longer be with us." *Id.* at 4.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

Plaintiff replies that her complaint squarely alleges that Conseco has already adopted the cost of insurance increase, albeit one that will begin in policy year 21. *See, e.g.*, Compl. ¶ 4 ("Defendant has unlawfully re-priced those policies and drastically and precipitously increased the cost of insurance charges"); ¶ 5 (Plaintiff seeks "an injunction requiring Defendant to reverse the unlawful increases"); ¶ 21 (questions common to class include "whether Defendant's actions to increase the . . . charges on the Policies violated the terms of the Policies"); ¶ 64 ("Defendant materially breached the terms and provisions of the Policies by increasing the cost of insurance charges").

Plaintiff also points out that the Complaint alleges an immediate and certain impact on herself and members of the putative class. An increase in the cost of insurance charges shortens the period of coverage because it depletes the funds in the insured's account more quickly, and a policy with a shortened period of coverage is worth less. Opp. at 2. Moreover, if Plaintiff wishes to maintain the period of coverage she expected when she purchased her policy, she will have to deposit additional funds in the account. Thus, "[p]olicyholders like Plaintiff Yue are immediately confronted with the need to decide, now, whether to increase funding to deal with the cost of insurance increase." *Id.* at 3. Plaintiff also notes that "Policyholders purchase life insurance to plan for the future, not to face the insecurity of a possible precipitous surrender or lapse late in life, when securing alternative life insurance will be cost-prohibitive and highly uncertain" because life insurance is much more expensive to obtain in later years. *Id.* at 4.

The Court finds that although some parts of the Complaint do describe the increase in prospective terms, when the Complaint is read as a whole it is clear that Plaintiff alleges that Conseco has already made a decision to increase rates. The Court holds that this allegation is sufficient to make the issue fit for adjudication. Conseco has given not even a sliver of a reason to believe that if the allegations are true — as the Court is required to assume they are — it does not intend to increase cost of insurance rates later on. Although Plaintiff may decide before 2016 to abandon the Policy for reasons unrelated to this lawsuit, and her mother may pass away before then, those possibilities do not negate the fact that Plaintiff must decide *now* whether to continue funding her policy at the current rate, to increase her monthly payments, or to seek alternative life insurance coverage. These are important and difficult decisions. They are "ripe" in the practical sense, and it would impose a hardship on Plaintiff if the Court were to decide that this matter is not ripe for adjudication.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

The cases relied upon by Defendant do not alter this analysis. In *Clinton v. Acequia, supra*, Clinton alleged that he and one Ms. Haley had entered an agreement to liquidate the defendant corporation, Acequia, which she and Acequia breached. The Ninth Circuit addressed whether Clinton's breach of contract claim had sufficient federal character to support removal. At oral argument in May 1996, Clinton's counsel conceded that the claim "may not be ripe for reconsideration, or even to come before the court, until 1997." *Clinton*, 94 F.3d at 572. Counsel for Acequia contended that Acequia was not required to liquidate but that "as a practical matter" it would have to be sold by 1997 in order to meet its obligations to its largest creditor. *Id*. The Ninth Circuit held that the contract claim was not ripe because "[t]he parties agree that, if an agreement to liquidate the corporation even exists, Acequia has until 1997 to perform its obligation. We have no way of knowing whether Acequia will actually do so, but a case is not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur." *Id*. Unlike in *Clinton*, the parties in this case do not agree that Plaintiff need not take legal action before 2016 in order to prevent Defendant from breaching alleged contractual obligations. Nor is there any basis for the Court to find that Defendant will otherwise fulfill those alleged obligations "as a practical matter" or for any other reason. *Clinton* therefore is inapposite.[4]

For the above reasons the Court holds that it is prudent to review Plaintiff's breach of contract claim and that she has stated a basis for it to do so.

    2. <u>Plaintiff seeks available relief</u>

Defendant next argues that Plaintiff does not state a breach of contract claim because she cannot (and does not) allege that she has suffered any immediate or certain damage from future increases in cost of insurance rates. Mot. at 4. *See Armstrong Petro.*

---

[4] Defendant also relies on a series of decisions in New York state court that it refers to as the "vanishing premium" cases. *See Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201 (N.Y. 2001); *Heslin v. Metro. Life Ins. Co.*, 733 N.Y.S.2d. 753 (N.Y. App. Div. 2001). Those cases are, of course, not binding authority, and the Court does not find their reasoning persuasive. Moreover, at least one other state court has come to a different conclusion about the justiciability of vanishing premium claims. *See Szymanski v. Boston Mut. Life Ins. Co.*, 778 N.E.2d 16 (Mass. App. Ct. 2002).

Case 2:08-cv-01506-AHM-SH Document 51 Filed 12/08/08 Page 10 of 13 Page ID #:383

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

*Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1391 n.6 (Cal. Ct. App. 2004) ("A cause of action for *damages* for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) the *resulting damages* to plaintiff." (internal quotation marks and citation omitted) (emphasis added)).

Defendant may be correct that the monetary damages Plaintiff Yue seeks are not now supported by any rate increase (since there has not yet been an increase). However, before resolution of the merits of her claim, she may be forced to provide increased funding in order to maintain her expected period of coverage. Moreover, Plaintiff also seeks injunctive relief. Such relief is not contingent on the availability of money damages. "[T]he fact [plaintiff] may have suffered no monetary damage would not defeat [plaintiff's] right to specific performance." *Union Oil. Co. of Cal. v. Greka Energy Corp.*, 165 Cal. App. 4th 129, 136 (Cal. Ct. App. 2008) (internal citation omitted). Defendant correctly notes that specific performance is available only where the Plaintiff's legal remedy is inadequate, see *id.* at 134, but also asserts that "[i]t is usually reserved for cases involving real property or unique services, and has no application here." So what? Defendant cites no case supporting the conclusion that such a remedy could not be applicable in this case, and the Court sees no reason to conclude that it is not.

      3.    <u>Performance is due</u>

In Defendant's Reply in support of its motion, it reframes in new terms what is essentially its basic argument about ripeness: that Conseco could not have breached the insurance contracts because under California law a breach of contract by nonperformance occurs only when there is "an unjustified failure to perform a material contractual obligation *when performance is due*." *Cent. Valley Gen. Hosp. v. Smith*, 162 Cal. App. 4th 501, 514 n.3 (Cal. Ct. App. 2008) (emphasis added). Performance is not due, Defendant argues, until 2016, the year that Defendant allegedly intends to increase the cost of insurance charges for Yue's policy.

Plaintiff's insurance policy simply states that the insurer will only raise the cost of insurance charge under certain conditions, but does not otherwise provide when performance is "due." Under California law, if a contract does not specify the time of performance, and the act cannot be done "instantly" (such as with an obligation to pay

Case 2:08-cv-01506-AHM-SH Document 51 Filed 12/08/08 Page 11 of 13 Page ID #:384

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

money), performance is due within a reasonable time. *See Consol. World Invs. v. Lido Preferred Ltd.*, 9 Cal. App. 4th 373, 381 (Cal. Ct. App. 1992); *Standard Box Co. v. Mut. Biscuit Co.*, 10 Cal. App. 746, 750 (Cal. Ct. App. 1932); 1 Witkin, *Summary of Cal. Law* § 762 (2005). What constitutes a "reasonable time" for performance is a question of fact, and depends on the circumstances of each case. *Consol. World. Invs.*, 9 Cal. App. 4th at 381.

The Court finds that it is reasonable to construe the Complaint to allege that Conseco may not decide to raise its cost of insurance rates in violation of the policy's terms at *any* point during the life of the policy — whether the increase will take effect immediately or at some future point in the term of coverage. Allowing an insurer to decide at any point to increase cost of insurance charges for reasons not permitted by the policy would constitute a breach and require the insured to face the burdens discussed above, including uncertainty about the cost and duration of the policy and the pressing need to decide whether to continue to fund coverage. The Court thus holds that Plaintiff has stated a valid breach of contract claim. It therefore is unnecessary to address whether Plaintiff has also stated a valid claim for anticipatory breach of contract.

### B. Plaintiff's Standing to Assert a Claim Pursuant to the UCL

Plaintiff brings her second cause of action pursuant to California Business and Professions Code § 17200, *et seq.*, also known as the Unfair Competition Law (UCL). She alleges that Defendant committed acts of unfair competition by, among other things, changing the cost of insurance rates for the Policies on grounds unrelated to Defendant's expectation as to future mortality experience, and sending annual reports to policyholders without disclosing sudden and dramatic increases in the cost of insurance charges. Compl. ¶ 69. Plaintiff asks the Court to enjoin Defendant from continuing to engage in this conduct and preventing Defendant from collecting the increased cost of insurance charges in violation of the Policies. *Id.* ¶ 71. She also asks for restitution to be paid by Defendant to its insureds for premiums and other amounts wrongfully obtained as the result of the allegedly unlawful increase. *Id.* ¶ 72.

Defendant argues that Plaintiff does not have standing to bring this claim because as a result of Proposition 64, passed in 2004, a private individual may bring a UCL claim only if she "has suffered injury in fact and has lost money or property as a result of [the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

alleged] unfair competition." Cal. Bus. & Prof. Code § 17204; *see Daghlian v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121, 1154-55 (C.D. Cal. 2006). Defendant contends that Plaintiff has not suffered any injury in fact or lost any money or property as a result of the cost of insurance increase allegedly slated to take effect in 2016, and that it is speculative whether Plaintiff will ever suffer any damages from that increase.

The Court holds that Plaintiff has stated a claim pursuant to the UCL, because the alleged diminution in the value of Plaintiff's insurance policy is a "loss of property" sufficient to bring a claim. For all the reasons discussed above, Conseco's alleged decision to increase the cost of insurance charges means that the life insurance policy is worth less to Plaintiff than it was previously.

## C. Declaratory Relief

Plaintiff's third cause of action seeks a declaratory judgment that the alleged cost of insurance increases are unlawful and in material breach of the Policies. Compl. ¶ 77. Defendant argues that the absence of a case or controversy bars this request for a declaration.

To determine whether a controversy exists such that declaratory relief may be granted, "the question . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (citation omitted).

Defendant contends that the Complaint does not identify a controversy "of sufficient immediacy" regarding Conseco's decision to increase the cost of insurance rates. In her Opposition, Plaintiff raises the issue of whether there is a "substantial controversy," and states that there is a controversy "as to Conseco Life's interpretation of the Policy as allowing it to assess the cost of insurance increase without any regard for its expected future mortality experience." In its Reply, Defendant argues that no "substantial controversy" exists because the Complaint does not plead that Conseco has an interpretation of the Policy allowing it to assess the cost of insurance increase without any regard for its expected future mortality increase. This exchange is a red herring; as the Complaint makes clear, the source of the substantial controversy "of sufficient

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 8, 2008 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

immediacy" in this case is the allegation that Defendant already has raised cost of insurance charges for a reason not permitted under the terms of the Policy. Whether Defendant interprets the Policy to permit it to have done what Plaintiff alleges is irrelevant.

For these reasons the Court holds that Plaintiff has properly stated a claim for declaratory relief.

## V. CONCLUSION

For the above reasons the Court DENIES Defendant's Motion to Dismiss.[5]

This Order is not intended for publication.

|  | : |
|---|---|
| Initials of Preparer | RJ |

---

[5] Docket No. 28.