FILED
CLERK, U.S. DISTRICT COURT

JAN I 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                          WESTERN DIVISION

| | |
|---|---|
| CELEDONIA X. YUE, M.D., on behalf of the class of all others similarly situated, and on behalf of the General Public,<br><br>                Plaintiffs,<br><br>        vs.<br><br>CONSECO LIFE INSURANCE COMPANY,<br><br>                Defendant. | Case No. CV 08-1506 AHM(JTLx)<br><br>Honorable A. Howard Matz<br><br>~~[PROPOSED]~~ **PROTECTIVE ORDER GOVERNING CONFIDENTIALITY**<br><br>(Putative) CLASS ACTION |

IT IS HEREBY ORDERED THAT:

This Protective Order (hereinafter "Order") shall govern the use of confidential information produced during discovery in this action. For purposes of this Order, the party designating information, documents, materials or items as confidential bears the burden of establishing the confidentiality of all such information, documents, materials or items under applicable law.

1.     For the purposes of this Order, "Confidential" information means the following types of documents and information:

        (a)     policy data that constitutes a trade secret in accordance with Cal. Civil. Code § 3426.1 and this section is incorporated by reference.

1         (b)    financial or actuary projections, analyses or studies reflecting

2 current or future experience or actions;

3         (c)    non-public communications with regulators, Departments of

4 Insurance or other governmental bodies that are intended to be kept confidential

5 and/or are protected from disclosure by statute or regulation;

6         (d)    Board of Director minutes or materials or other documents

7 reflecting non-public business or financial strategies, information or decisions; and

8         (e)    policyholder-specific information that is protected from

9 disclosure by statute or regulation.

10     2.    Any party may seek amendment to this Order to designate

11 confidential documents and information in addition to the categories described in

12 Paragraph 1 before production of any such documents or information.  The parties

13 agree to meet and confer in good faith and attempt to reach agreement on any

14 request by a party to designate such additional categories of confidential

15 documents or information.

16     3.    Confidential documents shall be so designated by stamping copies of

17 the document produced to a party with the following legend:

18     "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"

19     Any such stamp of designation shall not cover up, obscure or otherwise

20 conceal any text, picture, drawing, graph or other communication or depiction in

21 the document.

22     4.    The designation of any material as "Confidential" pursuant to this

23 Order shall constitute the good faith verification of counsel for the producing party

24 that the material constitutes Confidential information as defined in Paragraph 1 of

25 this Order.  Material designated by a party or non-party or their counsel

26 "Designating Party") as confidential under this Order ("Confidential Material")

27 shall be used only for the purpose of the litigation or settlement of this action or

28

1

for such other purposes or in such other actions as agreed by the parties or ordered by the Court.

5.　Confidential Material produced under this Order may be disclosed or made available only to the following persons ("Qualified Persons"):

(a)　the parties to this action or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)　counsel for the parties in this action, including all partners and associate attorneys of such Counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys;

(c)　court personnel, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel of or affiliated with the Court;

(d)　stenographic reporters or audio-visual personnel engaged in connection with this action, including deposition reporters, video operators and transcribers;

(e)　any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

(f)　actual and/or potential trial or deposition witnesses, where counsel believes, in good faith, that disclosure is necessary to prepare for or develop the testimony of such witnesses;

(g)　experts or consultants retained such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

1         (h)    employees of firms engaged by the parties for purposes of

2  photocopying, electronic imaging or computer litigation support in connection

3  withy this litigation; or

4         (i)    such other persons as may be designated by written agreement

5  of Counsel or by order of the Court.

6      6.    Before receiving any Confidential Material, each Qualified Person

7  described in paragraphs 6(f) and (g) shall be provided with a copy of this Order

8  and shall sign an Agreement to Maintain Confidentiality ("Confidentiality

9  Agreement") in the form of Attachment "A".  Each person signing a

10  Confidentiality Agreement shall be subject to and bound by this Order.  Counsel

11  for the party seeking to disclose Confidential Material to any Qualified Person

12  under paragraphs 6(f) and 6(g) shall be responsible for retaining the signed

13  originals of all Confidentiality Agreements until such time as the certification

14  required by Paragraph 13 is provided.

15      7.    Any motion, pleading or other submission that contains or attaches

16  Confidential Material shall be filed in a sealed envelope that: (a) is endorsed with

17  the caption for this matter; (b) sets forth a general description of the contents of the

18  sealed envelope; and (c) contains the following legend:

19      "CONFIDENTIAL'

20      "THIS ENVELOPE IS SEALED BY COURT ORDER, CONTAINS

21  CONFIDENTIAL INFORMATION AND IS NOT TO BE OPENED NOR THE

22  CONTENTS REVEALED EXCEPT BY COURT ORDER."

23      All papers that refer to or reply upon Confidential Material shall specify the

24  particular aspects of the documents or materials that are Confidential with

25  sufficient particularity to enable the Court in drafting orders or making rulings to

26  determine whether there is information or evidence which should not be disclosed

27  in any Court order or ruling.  Absent that advance notification, the Court will be

28  free to incorporate any and all information or evidence in its written or oral rulings.

3

8.   (a)   If, in connection with this action, a party (the "Disclosing Party") discloses information subject to a claim of attorney-client privilege or work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product protection that the Disclosing Party would otherwise be entitled to assert over the Disclosed Protected Information and its subject matter provided there is compliance with Rule 502(b) of the Federal Rules of Evidence;

(b)   A Disclosing Party may assert in writing attorney-client privilege or work product protection over Disclosed Protected Information in accordance with Rule 502(b) of the Federal Rules of Evidence.  The party receiving this writing (the "Receiving Party") shall, within ten business days of receiving that writing, return, sequester, or destroy all copies of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned, sequestered, or destroyed in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

(c)   Within ten business days of the notification that such Disclosed Protected Information has been returned, sequestered, or destroyed, the Disclosing Party shall produce a privilege log covering the Disclosed Protected Information as set forth in Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure;

(d)   The Receiving Party may move the Court for an order compelling production of the Disclosed Protected Information (a "Privilege Motion").  The Privilege Motion shall be filed under seal in accordance with Paragraph 7 and shall not assert as a ground for entering such an order the fact or circumstance of the Disclosing Party's earlier production;

(e)   The Disclosing Party retains the burden of establishing the privileged protected nature of any Disclosed Protected Information.  Nothing in

1  this paragraph shall limit the right of any party to petition the Court for an *in*
2  *camera* review of the Disclosed Protected Information; and

3        (f)    If, at trial, at a hearing, at a deposition, or on a motion, a
4  Disclosing Party offers into evidence Disclosed Protected Information – or proffers
5  or elicits testimony or other evidence that incorporates or relies on Disclosed
6  Protected Information, including evidence within Federal Rule of Evidence 703 –
7  that act shall be deemed to effect a waiver and forfeiture by the Disclosing Party of
8  the attorney-client privilege and/or work product protection that would otherwise
9  apply to undisclosed information within the terms of Federal Rule of Evidence
10  502(a). The preceding sentence shall not apply to (i) proceedings to determine
11  whether the Disclosed Protected Information is privileged or protected or subject to
12  discovery, or (ii) Disclosed Protected Information that is marked for identification,
13  offered into evidence, or incorporated in evidence proffered or elicited by an
14  adverse party, or relied on by a witness proffered by an adverse party.

15      9.    If the case proceeds to trial or any evidentiary hearing, all documents
16  or information previously designated as Confidential or as containing Confidential
17  Material shall become public and shall be available to all members of the public,
18  including the media, unless a motion is filed in advance of the trial or hearing and
19  the moving party demonstrates sufficient cause to maintain the confidentiality of
20  specific documents or information.

21      10.    Nothing in this Order shall prohibit disclosure of Confidential
22  Material produced by or obtained from any party to this action in response to a
23  subpoena, other compulsory process, or the process of any government regulatory
24  agency. If any party is served with such process (including any governmental
25  agency request, demand, subpoena or order), such party shall promptly (not more
26  than forty-eight (48) hours after receipt of such process) notify the Designating
27  Party of such process, and shall take all reasonable steps to refrain from producing
28  Confidential Material in response to such process, to afford a reasonable

5

1   opportunity for the Designating Party to oppose the process or to seek a protective
2   order.

3         11.    If a deponent testifies about subject matter that a party might properly
4   designate as Confidential under this Order, or Confidential Material covered by
5   this Order is marked as an exhibit, counsel of an affected party may designate that
6   portion of the testimony, or the exhibit or both, as Confidential under this Order,
7   either at the time of the deposition or by letter postmarked, faxed or emailed within
8   30 calendar days after receipt of the deposition transcript identifying the pages, and
9   lines of the transcript and the exhibits that it is designating as Confidential under
10   this Order, and only those designated portions and exhibits shall thereafter be
11   treated as Confidential under this Order.  If the Designating Counsel fails to timely
12   provide such identification, any claim of confidentiality shall be deemed waived.

13         12.    A party or other person objecting to designation of any document or
14   material as Confidential Material shall provide written notice of the objection to
15   Counsel for the Designating Party, specifying the document(s) or material(s) that
16   are the subject of the objection.  Upon receiving the objection, counsel for the
17   Designating Party shall, within 10 business days, provide a written response to the
18   objecting party explaining the basis for the designation as Confidential Material;
19   otherwise the document(s) or material(s) shall be deemed to be no longer
20   Confidential.  The parties and any other objecting persons shall confer in good
21   faith in an effort to resolve the objection before Court intervention is sought.  If the
22   objecting party or person and Counsel for the Designating Party are unable to
23   resolve the issue, Counsel for the Designating Party, within 21 days after the good
24   faith conference(s) has concluded, may file a motion with the Court to continue the
25   designation of the document(s) or material(s) as "Confidential Material."  The
26   Court shall make an independent determination as to whether the document(s) or
27   material(s) constitutes Confidential information as defined in Paragraph 1 of this
28   Order.  If the Designating Party does not file a motion seeking to maintain the

1 │ "Confidential Designation" within 21 days after the good faith conference(s) has

2 │ concluded, the document(s) or material(s) at issue shall be deemed to be no longer

3 │ confidential.

4 │    13.    Within 60 days of final and nonappealable termination of this lawsuit

5 │ (whether by final judgment, final settlement or otherwise), all Confidential

6 │ Material and any abstracts and summaries of such material, shall be destroyed or

7 │ returned to counsel for the producing party.  Such destroyed or returned materials

8 │ shall not include the notes or work product of counsel for the parties, expert

9 │ witnesses or consultants or investigations or agents thereof.  Counsel for each party

10 │ shall certify that the provisions of this paragraph have been satisfied by sending

11 │ opposing counsel a letter confirming compliance.  Reasonable out-of-pocket costs

12 │ associated with returning Confidential Materials will be borne by the Party

13 │ requesting its return.

14 │    14.    No party receiving documents or materials designated as

15 │ "Confidential Material" shall have any obligation to object to the designation at the

16 │ time the designation is made or at any time thereafter.  No party shall, by failure to

17 │ object, be found to have acquiesced or agreed to such designation or be barred

18 │ from objecting to such designation at any time.

19 │    15.    Nothing contained in this Order shall be a waiver of any objection to

20 │ the admissibility of evidence at trial (or in any pretrial proceeding or on appeal) of

21 │ any Confidential Information.

22 │ *For any under seal filing, parties shall comply with*

   │ IT IS SO ORDERED.    *Local Rule 79-5.*

23 │

24 │

25 │ Dated: *January 12, 2008*

26 │

27 │ _____
   │ Honorable A. Howard Matz
   │ United States District Judge

28 │                JENNIFER T. LUM
   │                U.S. MAGISTRATE JUDGE

                            7

## ATTACHMENT A
## CONFIDENTIALITY AGREEMENT

Case Name:          *Yue v. Conseco Life Insurance Company*

Case Number:              CV 08-1506 AHM (JTLx)

I, _____, have read and understand the Stipulated Protective Order Governing Confidentiality (the "Order") in *Yue v. Conseco Life Insurance Company*, CV 08-1506 AHM (JTLx), entered on ___, 2009 and agree to be bound by its terms.

    1.    As set forth in the Order, I shall use information I learn as a result of having access to materials protected under the Order solely for the purpose of this litigation and agree to be subject to and bound by the Order.

    2.    I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for the enforcement of these representations and the Order.

Executed this _____ day of _____, 2009.


_____

                            [Signature]


_____

                            [Type or Print Name]