O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 7, 2009 |
|---|---|---|---|

| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

## I.     INTRODUCTION

On March 4, 2008, Plaintiff Celedonia X. Yue filed her Complaint in this putative class action, alleging that Defendant Conseco Life Insurance Company ("Conseco") has wrongfully decided to increase the cost of insurance charges for its "Valulife" and "Valuterm" life insurance policies (collectively "Policies").  The Complaint alleges breach of contract and violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, and seeks injunctive and declaratory relief.[1]  On December 8, 2008, the Court denied Conseco's motion to dismiss on the grounds that the controversy is not ripe for review.  On June 10, 2009, Plaintiff filed her motion to certify a National class and a California class.  For the following reasons, the Court GRANTS the motion.[2]

## II.     FACTUAL BACKGROUND

In 1995, Plaintiff Yue purchased a "Valulife" universal life insurance policy issued by Defendant,[3] with a face amount of $400,000.  Compl. ¶ 7.  The insured is Plaintiff's

---

[1]The Complaint also seeks monetary damages, but Plaintiff now asserts that she seeks only declaratory and injunctive relief.

[2]Docket No. 67.

[3] The policy was actually issued by Massachusetts General Life Insurance Company, which became Conseco Life in 1996.  Compl. ¶ 8.  Philadelphia Life Insurance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 7, 2009 |
|----------|------------------------|------|------------------|

| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY |
|-------|-----------------------------------------------------|

mother, Ruth S. Yue, and Plaintiff Yue is the beneficiary. *Id.* at Ex. A, pp. A-28, A-44. At the time of purchase, Ruth S. Yue was 70 years old. *Id.* at A-28.

The Complaint alleges that Plaintiff's life insurance policy and the policies of the putative class members are "universal life" policies. *Id.* Owners of universal life policies pay premiums into an account that earns interest. The account represents (1) the total premiums the policyholder has paid, plus any credited interest, minus (2) expense charges and a monthly "cost of insurance" charge. A universal life insurance policy will remain in force as long as there are enough funds in the account to pay the expense charges and the monthly cost of insurance charge. Compl. ¶ 29.

The cost of insurance charge covers the cost of paying out death benefits, and it is designed to increase as the insured ages. Compl. ¶¶ 23-26, 31. It is calculated based on a formula that takes into consideration the amount of funds in the account and a factor called the "cost of insurance rate." Compl. ¶¶ 30-31. Under the terms of all of the universal life policies at issue in this action, the language determining the cost of insurance rate is identical, and the cost of insurance rate is dependent solely on the insurer's expectation as to its future mortality experience. Compl. ¶¶ 32-34. In other words, "once the actual cost of insurance rates are set by the insurance company, they can only be increased because of anticipated future worsening mortality experience of insurance company [sic] (*i.e.*, more death claims anticipated in the future than were previously expected)."[4] Compl. ¶ 35. Conseco does not disclose its actual cost of insurance rates. It discloses only the monthly cost of insurance charge deducted from the insured's account. Compl. ¶ 36.

Plaintiff alleges that Conseco has decided to raise the cost of insurance charges

---

Company also issued policies at issue in this action, and in or about 1998 it merged into Conseco. *Id.*

[4] Plaintiff's policy states, "ACTUAL MONTHLY COST OF INSURANCE RATES WILL BE DETERMINED BY THE COMPANY BASED ON ITS EXPECTATIONS AS TO FUTURE MORTALITY EXPERIENCE," and "Current monthly cost of insurance rates will be determined by the Company based on its expectation as to future mortality experience." Compl. Ex. A at A-29, A-34.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | |

beginning in the twenty-first year of the Valulife and Valuterm policies (specifically, in the year 2016 for Plaintiff's policy). Compl. ¶ 54. Plaintiff further alleges that there is no way that the substantial increase could be due to the insurer's anticipated mortality experience because "it is well known that the population in this country is living significantly longer than was anticipated in the past . . . ." *Id.* Plaintiff offers evidence that the true reason for Conseco's 2003 increase was due to a strategy presented by an outside consulting firm to create a new "mortality ratio" technique that "justifies a [cost of insurance] increase to maintain the ratio, even though the expected mortality rates have not changed. Only the expected mortality payments have increased, and this was due to lower than anticipated lapses." Dillon Decl., Ex. A at 1. This strategy was outlined in a memorandum written by Conseco's appointed actuary, James Hawke, addressing the impending 2003 cost of insurance rate increase. *Id.*

Plaintiff alleges that at no point did Conseco disclose its intent to impose massive cost of insurance increases beginning in policy year 21, and policyholders thus "relied on the lower cost of insurance rates in purchasing the Policies, continuing to pay premiums respecting the Policies, and not seeking insurance coverage elsewhere." Compl. ¶ 56. Plaintiff also alleges that the increases

> are so dramatic, sudden, and unexpectedly large that many members of the Class are now, or will be, unable to afford to pay these huge and unexpected increases in premium [sic] required to keep their insurance policies in force. Many policyholders will, or have been, forced to surrender their life insurance policies. In addition, upon information and belief, many of these policyholders are elderly and uninsurable and, after surrender of their policies, they will thereby be left without insurance protection and/or adequate insurance protection.

Compl. ¶ 57.

Plaintiff's Complaint alleges that the increase is consistent with a history of wrongful increases by Defendant, beginning in 1992 with "an artificial increase in the cost of insurance rate unrelated to [Conseco's] expectations as to future mortality increase," and continuing in 2003 or 2004 with Conseco's allegedly unlawful increase in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | | Date | December 7, 2009 |
|---|---|---|---|---|
| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY | | | |

the cost of insurance charge for certain policies.[5] Compl. ¶¶ 39, 50.

## III. LEGAL STANDARD FOR CLASS CERTIFICATION[6]

The party seeking class certification bears the burden of establishing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met. *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir. 2007) (citing *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended*, 273 F.3d 1266 (9th Cir. 2001)), *reh'g en banc granted*, 556 F.3d 919 (9th Cir. 2009) . A district court may certify a class only if, after "rigorous analysis," it determines that the party seeking certification has met its burden. *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 158-161 (1982). In reviewing a motion for class certification, the Court generally is bound to take the substantive allegations of the complaint as true. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982) (citing *Blackie v. Barrack,* 524 F.2d 891, 901 (9th Cir. 1975)). Nevertheless, the Court may look beyond the pleadings to determine whether the requirements of Rule 23 have been met. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992) (citation omitted). In fact, "courts are not only at liberty to but *must* consider evidence which goes to the requirements of Rule 23 [at the class certification stage] even [if] the evidence may also relate to the underlying merits of the case." *Dukes*, 509 F.3d at 1178 n.2 (internal quotations and citation omitted). Ultimately, it is within the district court's broad discretion to determine whether a class should be certified. *Id.* at 1176.

## IV. DISCUSSION

In MDL No. 1610, this Court addressed similar class certification motions

---

[5] The Complaint states that the former allegations were adjudicated in the plaintiffs' favor in *Rosenbaum, et al. v. Philadelphia Life Insurance Co., et al.,* Case No. 93-0834 MRP (Eex). The latter allegations were brought before this Court in a Multidistrict Litigation proceeding and the parties eventually settled the claims. *See In re Conseco Life Insurance Company Cost of Insurance Litigation*, MDL No. 1610 AHM.

[6]JUDGE: This language is from the orders index.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 7, 2009 |
|----------|----------------------|------|------------------|

| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY |
|-------|-----------------------------------------------------|

regarding Conseco's invalid cost of insurance rate increases under the terms of other life insurance policies. *In re Conseco Life Ins. Co. Cost of Ins. Litig.*, 2005 WL 5678842 (C.D. Cal. April 26, 2005); *In re Conseco Life Ins. Co. Cost of Ins. Litig.*, 2005 WL 5678790 (C.D. Cal. April 27, 2005). In that case, this Court decided to certify a national class and California classes on some of the causes of action (including a UCL claim), conducting its analysis under Fed. R. Civ. P. 23(b)(2). The Court's reasoning in those orders is instructive here.

## A.    Definitions of the National Class and the California Class

Plaintiff seeks certification of the following National class of policyholders:

> All owners of Valulife and Valuterm universal life insurance policies issued by either Massachusetts General Life Insurance Company or Philadelphia Life Insurance Company and that were later acquired and serviced by Conseco Life whose policies are in force as of the date class notice in this action is disseminated. This class does not include officers or actuaries (or their immediate families) of Massachusetts General, Philadelphia Life, Conseco Life, or any of their parent companies, including Conseco, Inc.

Plaintiff further seeks certification of the following California class of policyholders:

> All owners of Valulife and Valuterm universal life insurance policies issued by either Massachusetts General Life Insurance Company or Philadelphia Life Insurance Company and that were later acquired and serviced by Conseco Life whose policies are in force as of the date class notice in this action is disseminated and either reside [sic] in the State of California when the policy was issued or now reside in the State of California. This class does not include officers or actuaries (or their immediate families) of Massachusetts General, Philadelphia Life, Conseco Life, or any of their parent companies, including Conseco, Inc.

Defendant does not challenge the adequacy of these proposed definitions. With the

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 7, 2009 |
|----------|----------------------|------|------------------|

| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY |
|-------|----------------------------------------------------|

exception of changing the California class definition to incorporate the proper tense ("...and <u>who</u> either <u>resided</u> in the State of California when the policy was issued or now reside in the State of California. . ."), the Court finds these definitions to be satisfactory.

## B.     Rule 23(a)

Plaintiff must show that the class meets the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed R. Civ. P. 23(a)(1)-(4). Defendant does not contest that Plaintiff has met requirements (1)-(3), and, indeed, Plaintiff has shown that she has.

The numerosity requirement is satisfied. Defendant does not dispute Plaintiff's contention that there are many thousands of policyholders nationwide who may fall within the class. *See* Dillon Decl. ¶ 9 (stating that approximately 48,000 Valulife and Valuterm insurance policies are outstanding and in force).

Commonality is also satisfied, as "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Defendants do not dispute that Conseco Life approached the policies as a group. *See* Dillon Decl., Ex. A at 1; Complaint, Ex. A at A-34. Nor does Defendant dispute that the key legal question of whether the cost of insurance rate increases would be permitted under the uniform language of the policy is common to all members of the class. *See* Complaint ¶ 21 (a).

Plaintiff's claim also satisfies the typicality requirement. Plaintiff alleges—and Defendant does not dispute—that she purchased one of the policies at issue and that she was subjected to the 2003 cost of insurance rate increase no differently than the other members of the proposed class. Complaint ¶ 7, 54-57.

Defendant does dispute whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This depends on two questions: (1) whether the named Plaintiffs and their counsel have any conflicts of interest with other class members and (2) whether the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1020 (9th Cir. 1998). Defendant does not challenge the adequacy of Plaintiff's counsel, but it does argue that Plaintiff is an inadequate class representative

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 7, 2009 |
|---|---|---|---|

| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY |
|---|---|

because her claims are time-barred by California's four-year statute of limitations on actions for breach of contract, presumably, Cal. Code Civ. Proc. § 337. Opp'n at 22-23. Conseco argues that Plaintiff's claim accrued in October 2002, when Conseco adopted a Board resolution with respect to the cost of insurance increase at issue. However, even if the cause of action did accrue at that point for statute of limitations purposes—a question the Court will not resolve at this time—Plaintiff's claims would not be time barred because this is an appropriate case in which to apply the discovery rule.

In *April Enterprises*, the California Court of Appeal extended the discovery rule into certain breach of contract cases, even where there is no allegation of fraud, professional negligence, or breach of fiduciary duty. *April Enterprises, Inc. v. KTTV*, 147 Cal. App. 3d 805, 830-32 (Ct. App. 1983). Specifically, the court found that "a common thread seems to run through all the types of actions where courts have applied the discovery rule," namely that the "injury or the act causing the injury, or both, have been difficult for the plaintiff to detect." *Id.* at 831. In most cases, as well, "the defendant has been in a far superior position to comprehend the act and the injury," and "the defendant had reason to believe the plaintiff remained ignorant he had been wronged." *Id.* There is also "an underlying notion that plaintiffs should not suffer where circumstances prevent them from knowing they have been harmed," which is often "accompanied by the corollary notion that defendants should not be allowed to knowingly profit from their injuree's [sic] ignorance." *Id. See also Gryczman v. 4550 Pico Partners, Ltd.*, 107 Cal. App. 4th 1, 5-6 (Ct. App. 2003) (reaffirming the principles in *April Enterprises*).[7]

Here, the injury and the act causing the injury were both nigh to impossible for Plaintiff to detect in October 2002. Conseco does not disclose the actual cost of insurance rates to policyholders but only advises as to the monthly cost of insurance charge deducted from the account value. Complaint ¶ 36. In addition, Defendant did not

---

[7]Defendant's citation to *Perez-Encinas v. Amerus Life Ins. Co.*, 486 F. Supp. 2d 1127, 1135 (N.D. Cal. 2006), is inapposite because in that case, the alleged breach of contract was not difficult to detect, and the defendant was not in a far superior position to comprehend the alleged breach. Indeed, the defendant there believed that it was faithfully executing the contract, and the plaintiffs were actually in a better position than the defendant to detect the breach. *Id.* at 1135-36.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 7, 2009 |
|----------|----------------------|------|------------------|

| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY |
|-------|----------------------------------------------------|

at any point notify policyholders of the upcoming change of rates in their policies.[8] Complaint ¶ 56. Further, the actual increases would not be visible in a policyholder's annual report until Year 21 when the rates increase. *See* Complaint ¶ 38. Defendant was clearly in a far better position to comprehend the act and injury, since it raised the rates, and so the statute of limitations for Plaintiff's breach of contract claim should not have begun to run until Plaintiff knew or had reason to know of her claim. To hold otherwise "would amount to an expectation that a contracting party in such situations has a duty to continually monitor whether the other party is performing some act inconsistent with one of the many possible terms in a contract." *April Enterprises*, 147 Cal. App. 3d at 832. "Imposing such a duty to monitor is especially onerous when the breaching party can commit the offending act secretly, within the privacy of its own offices," *Id.*, as Defendant allegedly did here. Plaintiff's claims are not time-barred, and she is an adequate representative for the class.

**C.**    **Rule 23(b)(2)**

A class may be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001). "A class seeking monetary damages may be certified pursuant to Rule 23(b)(2) where such relief is 'merely incidental to [the] primary claim for injunctive relief.'" *Id.* (quoting *Probe v. State Teachers' Retirement System*, 780 F.2d 776, 780 (9th Cir. 1986).

Defendant does not dispute that it is proper to analyze whether certification is appropriate under Rule 23(b)(2) because the primary form of relief requested is injunctive. Indeed, although Plaintiff does ask for damages in the form of repayment of any unlawful overcharges, Complaint ¶¶ 5, 6, the primary form of relief requested is

---

[8]Defendant asserts that "every policyholder began receiving illustrations, just like Yue did, showing that their premiums would increase in year 21 of the policy." Opp'n at 22 n.25. However, Defendant does not state when these alleged notices were sent out, nor does it cite to any facts to support this assertion.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | | Date | December 7, 2009 |
|----------|------------------------|--|------|------------------|

| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY |
|-------|---------------------------------------------------|

injunctive relief preventing Defendant from increasing the cost of the policies, Complaint Prayer for Relief ¶ 1, an event which is not scheduled to occur until Year 21 of the Policies, which corresponds to 2016 for Plaintiff. Complaint ¶¶ 4, 7.

Moreover, class certification is appropriate because Defendant has acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. *See* Fed. R. Civ. P. 23(b)(2). Conseco treated all of the Policies alike in deciding to implement the Year 21 cost of insurance increase. All of the Valulife and Valuterm Policies contain identical cost of insurance language that requires the company to determine monthly cost of insurance rates "based upon its expectation as to future mortality experience." Complaint, Ex. A at A-34; Dillon Decl, Ex. A at 1. Conseco allegedly decided to uniformly increase the cost of insurance rates for all of the Policies in Year 21 based on a new "mortality ratio" concept developed by outside consultants. Complaint ¶¶ 54-55; Dillon Decl., Ex. A at 1. It is therefore appropriate for the Court to evaluate the claims on behalf of the entire class as a whole, to determine whether these increases are permissible under the Policies and, if the increases are not justified, to order injunctive or declaratory relief applicable to the entire class of Policyholders.

In its Opposition, Defendant argues that a variety of differences in contract law in different states prevent certification of the class. It asserts that because state law may vary on a number of issues—including when the policyholder's claim accrues, whether to treat the breach of contract claim as a present or an anticipatory breach, and whether specific performance is available—a national class may not be certified.[9] Opp'n at 6-7.

---

[9]One particular ground on which Defendant objects to class treatment is that individualized discovery will be necessary for each plaintiff to determine when she acquired knowledge of her claims for statute of limitations purposes. However, even in the context of certification of 23(b)(3) classes, which require a more exacting predominance analysis, "[a]s long as a sufficient constellation of common issues binds class members together, variations in the sources and application of statutes of limitations will not automatically foreclose class certification under Rule 23(b)(3)." *Waste Management Holdings, Inc. v. Mowbray*, 208 F.3d 288, 296 (1st Cir. 2000). In fact, "[c]ourts have been nearly unanimous . . . in holding that possible differences in the application of a statute of limitations to individual class members, including the named

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 7, 2009 |
|----------|----------------------|------|------------------|

| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY |
|-------|---------------------------------------------------|

However, Rule 23(b)(2) does not require a showing of predominance or manageability as required under Rule 23(b)(3). *Rodriguez v. Hayes*, 578 F.3d 1032, 1051 (9th Cir. 2009) ("[U]nlike actions brought under one of the other 23(b) prongs, 'questions of manageability and judicial economy are . . . irrelevant to 23(b)(2) class actions.'" (quoting *Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1105 (5th Cir. 1993)); *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998) ("Although common issues must predominate for class certification under Rule 23(b)(3), no such requirement exists under 23(b)(2)."). Nor does the Ninth Circuit require a "cohesiveness" analysis under Rule 23(b)(2), as argued by Defendant. *See Walters*, 145 F.3d at 1047 ("[W]ith respect to 23(b)(2) in particular, the government's dogged focus on the factual differences among the class members appears to demonstrate a fundamental misunderstanding of the rule. Although common issues must predominate for class certification under Rule 23(b)(3), no such requirement exists under 23(b)(2). It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole.") Defendant cites not a single case holding that a choice-of-law analysis or a broader predominance analysis is required to certify a class under Rule 23(b)(2).[10] *See Opp'n at 4-5.* Thus, the question of whether state law may differ on such questions is not relevant to the Court's analysis.

Furthermore, Defendant has not identified any variation in state law that bears on the fundamental question in this case—whether Conseco had contractual authority under the Policies to impose the cost of insurance rate increases at issue. *See Opp'n at 6-7.* All of Defendant's purported variations in state law are wholly tangential to the fundamental, common question of law in this case. These variations, therefore, do not preclude class

---

plaintiffs, does not preclude certification of a class action so long as the necessary commonality and, in a 23(b)(3) class action, predominance, are otherwise present." *In re Energy Systems Equipment Leasing Securities Litigation*, 642 F. Supp. 718, 752-53 (E.D.N.Y. 1986) (compiling authorities addressing the issue); *see also Massachusetts Mutual Life Insurance Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1295 (Ct. App. 2002) (quoting *Energy Systems* on this point).

[10]Nor does Defendant cite to any cases holding that a plaintiff is required to submit a trial plan, as it argues, in the case of a class certification under Rule 23(b)(2). Opp'n at 16-17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 7, 2009 |
|---|---|---|---|

| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY |
|---|---|

certification under Rule 23(b)(2).[11]

## D. The California Class for the UCL Claim

Defendant's only challenge to the certification of the California class covering the claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, is that individualized inquiries would be required to determine if particular plaintiffs satisfied the statute of limitations. For the same reasons as discussed in footnote 9, supra, this argument does not preclude class certification. Conseco cites no California case declining to certify a class seeking injunctive relief under the UCL on the theory that each member of the class must individually prove timeliness of her claim. In fact, in *Massachusetts Mutual*, the court rejected the contention that individual discovery determinations precluded class certification for a UCL claim. *Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1295 (Ct. App. 2002). The court reasoned, "Given the fact that plaintiff's claim is based on a nondisclosure, the objective determination of when the nondisclosure should have been discovered seems readily amenable to class treatment." *Id.* Here, too, an objective determination of when the class members should have discovered the increase in cost of insurance rates—based on a disclosure or the lack thereof by Defendant—seems readily amenable to class treatement. Thus, this argument does not preclude certification of the California class based on the UCL claim.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for class certification. The Court certifies the following classes:

---

[11]Defendant also asserts that class certification is precluded because many of the putative class members may lack standing. Opp'n at 21. This argument is a non-starter. In a class action, "standing is satisfied if at least one named plaintiff meets the requirements." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). The Court has already determined that Ms. Yue's claims are ripe, present a case or controversy, and that Ms. Yue has standing to assert a claim under California's Unfair Competition law. December 8, 2008 Order at 6-13.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1506 AHM (JTLx) | Date | December 7, 2009 |
|---|---|---|---|

| Title | CELEDONIA X. YUE v. CONSECO LIFE INSURANCE COMPANY |
|---|---|

1) As to the breach of contract and declaratory relief claims (the national class):

All owners of Valulife and Valuterm universal life insurance policies issued by either Massachusetts General Life Insurance Company or Philadelphia Life Insurance Company and that were later acquired and serviced by Conseco Life whose policies are in force as of the date class notice in this action is disseminated. This class does not include officers or actuaries (or their immediate families) of Massachusetts General, Philadelphia Life, Conseco Life, or any of their parent companies, including Conseco, Inc.

and

2) As to the UCL claim:

All owners of Valulife and Valuterm universal life insurance policies issued by either Massachusetts General Life Insurance Company or Philadelphia Life Insurance Company and that were later acquired and serviced by Conseco Life whose policies are in force as of the date class notice in this action is disseminated and who either resided in the State of California when the policy was issued or now reside in the State of California. This class does not include officers or actuaries (or their immediate families) of Massachusetts General, Philadelphia Life, Conseco Life, or any of their parent companies, including Conseco, Inc.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

_____ : _____

Initials of Preparer        SMO