UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CELEDONIA X. YUE, M.D., on behalf of the class of all others similarly situated,<br><br>             Plaintiffs,<br>     vs.<br>CONSECO LIFE INSURANCE COMPANY,<br><br>             Defendant. | Case No. CV 08-01506 AHM (SHx)<br><br>**DECLARATORY JUDGMENT**<br><br>CLASS ACTION |

| | |
|---|---|
| 1 | This action came before the Court on the motion for summary judgment of |
| 2 | Plaintiff Celedonia Yue ("Plaintiff") seeking declaratory relief on behalf of herself |
| 3 | and the nationwide class of policyholders certified by order dated December 7, |
| 4 | 2009.  The class (the "Class") is defined as: |

> All owners of Valulife and Valuterm universal life insurance policies issued by either Massachusetts General Life Insurance Company or Philadelphia Life Insurance Company and that were later acquired and serviced by Conseco Life whose policies are in force as of the date of this Judgment.  This class does not include officers or actuaries (or their immediate families) of Massachusetts General, Philadelphia Life, Conseco Life, or any of their parent companies, including Conseco, Inc.

The parties submitted legal memoranda, statements of uncontroverted facts and conclusions of law and of genuine issues of material fact, and supporting evidentiary materials in accordance with Federal Rule of Civil Procedure 56 and Local Rules 56-1 and 56-2.  After the close of briefing, by orders dated June 30, 2010 and July 15, 2010, the Court posed questions and requested additional information from the parties and the parties thereafter submitted their respective responses to these orders.  On November 29, 2010, the Court held oral argument at which Plaintiff and Defendant Conseco Life Insurance Company ("Conseco") each argued their respective positions and answered questions posed by the Court.

The Court has considered the memoranda, statements of uncontroverted facts and conclusions of law and of genuine issues of material fact, evidence and other submissions by the parties in support of and in opposition to Plaintiff's motion for summary judgment and the parties' respective oral arguments at the hearing on November 29, 2010.  The Court by order entered in its Civil Minutes – General dated January 19, 2011 (the "Order") granted Plaintiff's motion for summary declaratory judgment for the reasons stated in the Order, and directed Plaintiff to lodge within five days a [Proposed] Declaratory Judgment.

The Court having considered Plaintiff's proposed form of judgment,

1

DECLARATORY JUDGMENT

It is hereby DECLARED, ORDERED and ADJUDGED:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and (d) and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

2. Judgment is hereby entered in favor of Plaintiff and the Class and against Defendant declaring the respective rights and obligations of the parties as set forth in the Order, which is hereby incorporated by reference.

3. Plaintiff may make application for an award of her attorneys' fees and expenses in accordance Federal Rule of Civil Procedure 54 and Local Rule 7 in an application to be filed within 21 days after the entry of this Declaratory Judgment.

4. Because the Court [by order issued on October 8, 2010] previously granted Conseco's motion for partial judgment on the pleadings dismissing Plaintiff's second claim for relief, the Court has now adjudicated all other claims asserted by Plaintiff, and defenses asserted by Defendant in this action, this declaratory judgment is a final judgment subject to appeal under Federal Rules of Civil Procedure 54 and 58.

Dated: February 2, 2011

**JS-6**

Honorable A. Howard Matz
United States District Judge

2
DECLARATORY JUDGMENT